David TROBIA, Plaintiff–Appellant,

v.

William J. HENDERSON, Postmaster, United States Postal Service, Defendant–Appellee.

Docket No. 04–3456.

United States Court of Appeals, Second Circuit.

Aug. 1, 2005.

Christina A. Agola, Law Office of Christina A. Agola, Rochester, N.Y. (on submission), for Appellant.

Brian M. McCarthy, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York) (on submission), for Appellees.

PRESENT: JACOBS, BD. PARKER, Circuit Judges. and HURD,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

David Trobia appeals from a judgment of the United States District Court for the Western District of New York (Larimer, J.), entered after a bench trial, dismissing Trobia's complaint against the United States Postal Service (the "USPS") and dismissing Trobia's complaint. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"On appeal from a bench trial, [this Court] review[s] the district court's findings of fact for clear error and its conclusions of law de novo. Mixed questions of law and fact are also reviewed de novo." *Well–Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112, 115 (2d Cir.2003).

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

Trobia claims the USPS violated the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978 (the "Rehabilitation Act") by failing to accommodate his back injury. To prevail on his Rehabilitation Act claim, Trobia must show "that with reasonable accommodation, he could perform the essential functions" of the "box section" position, and that the USPS refused to make such accommodations. *See Stone v. City of Mount Vernon*, 118 F.3d 92, 97 (2d Cir. 1997). The district court "found as a fact" that Trobia was not performing all of the essential functions of the box section position. The record provides ample support for that finding: unlike other box section employees, Trobia performed only seated work; he could not lift heavy parcels or "stick" mail in post office boxes.

■ We also agree with the district court that the USPS met its burden of showing that placing Trobia in the "handicap case" was reasonable, and that although Trobia preferred the box section job, the accommodations provided by the USPS were not inconsistent with Trobia's needs and limitations and the advice of Trobia's doctors. *See Fink v. New York City Dep't of Personnel*, 53 F.3d 565, 567 (2d Cir.1995) ("[The Act] does not require the employer to provide every accommodation the disabled employee may request, so long as the accommodation provided is reasonable."). Morever, as the district court found, the USPS's decision to remove Trobia's from the box section was not retaliatory; there were "legitimate operational reasons" for the USPS's decision, not least, Trobia's history of conflicts with box section co-workers. Indeed an incident between Trobia and one of his co-workers triggered his immediate removal from his preferred box section position.

■ Also meritless is Trobia's claim that the USPS violated the Rehabilitation Act by failing to engage in an "interactive process" with him. Assuming that the USPS was obliged to participate in that process, it did, as the district court found. The USPS met with Trobia and his doctor, created a new position for Trobia with the advice of union representatives, and responded promptly to Trobia's concerns by altering his job duties. *See Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 219 (2d Cir.2001) (noting that the interactive process might include "meeting with the employee who requests an accommodation, requesting information about the condition and what limitations the employee has, asking the employee what he or she specifically wants, showing some sign of having considered the employee's request, and offering and discussing available alternatives when the request is too burdensome").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.